1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 | VARN CHANDOLA,

| CASE NO. 2:13-cv-00557-RSM

11 |             Plaintiff,

| ORDER GRANTING
DEFENDANT'S MOTION TO
12 |      v. | DISMISS EQUAL PROTECTION
AND DUE PROCESS CLAIMS

13 | SEATTLE HOUSING AUTHORITY, a
municipal corporation, and JAMES
14 | FEARN, an individual,

15 |           Defendants.

16

## I. INTRODUCTION

17

18      This matter comes before the Court upon Defendant's Motion to Dismiss Equal

19 Protection and Due Process Claims. Dkt. #11. Plaintiff has opposed the motion. Dkt. #14. For the

20 reasons set forth below, Defendant's Motion to Dismiss shall be GRANTED.

## II. BACKGROUND

21

22      This case arises from the termination of Plaintiff, Varn Chandola, from employment at

23 Defendant agency, Seattle Housing Authority (SHA). From 2009 until late 2010, Plaintiff was a

24

1   Hearing Officer for Defendant Agency, presiding over hearings designed to determine if clients

2   of the Section 8 housing program (voucherholders) should be terminated from the program.

3   Defendant Fearn was in charge of assigning cases to Hearing Officers and paying them for their

4   work performed for SHA.

5          In June of 2010, Plaintiff presided over a termination hearing the purpose of which was to

6   review client Jacquelyn Nichols for potential termination from the program. Plaintiff found in

7   favor of Ms. Nichols on July 6, 2010. Subsequently, Defendant Fearn wrote to Ms. Nichols that

8   Plaintiff's decision would be disregarded as outside the scope of his authority and that Plaintiff

9   would be expected to revise his decision accordingly. Plaintiff refused to do so, citing ethical

10  obligations under the Judicial Code of Washington. Defendant Fearn continued to insist that

11  Plaintiff revise his decision while Plaintiff continued to refuse, culminating in reassignment of

12  the case to another Hearing Officer, forfeiture of compensation by Plaintiff for his work on the

13  case, and, unbeknownst to Plaintiff, Plaintiff's removal from the pool of Hearing Officers used

14  by SHA.

15         The Hearing Officer who replaced Plaintiff found in favor of SHA and Ms. Nichols

16  petitioned the King County Superior Court for a writ of review. The King County Superior Court

17  ruled in favor of Ms. Nichols, and upon appeal by Defendants the Appellant Court upheld that

18  decision, finding that Plaintiff did not exceed his authority as a Hearing Officer and did not rule

19  contrary to existing law.

20         Nevertheless, despite Plaintiff's repeated demand for payment, Defendants have refused to

21  pay Plaintiff for his work on the case. Defendants have also continued to refuse to assign

22  Plaintiff as the Hearing Officer on new cases. Further, Plaintiff was never notified of the decision

23

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

1  to remove him as a Hearing Officer and, instead, learned of the decision during a deposition of

2  Defendant Fearn.

3       Plaintiff filed this action pursuant to 42 U.S.C. §1983, asserting violations of Equal

4  Protection and Due Process under the Fourteenth Amendment. Plaintiff brings seven claims

5  arising from this series of events: (1) Breach of Contract, (2) Breach of the Covenant of Good

6  Faith and Fair Dealing Against SHA, (3) Violation of Equal Protection, (4) Violation of Third

7  Parties' Constitutional Right to Due Process, (5) Retaliation for First Amendment-Protected

8  Activity, (6) Violation of Procedural Due Process Rights, and (7) Willful Failure to Pay Wages

9       Defendants seek dismissal of Count III on the basis that Plaintiff cannot plead a class-of-

10  one for purposes of Equal Protection in the context of government employment. Defendants seek

11  dismissal of Count IV on the basis that Plaintiff has failed to plead a sufficient relationship to the

12  voucherholders or a sufficient barrier to voucherholders' assertion of their own rights to warrant

13  third-party standing.

14  **A.  Legal Standard**

15       In order to survive a Motion to Dismiss, the Complaint "does not need detailed factual

16  allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[f]actual

17  allegations must be enough to raise a right to relief above the speculative level." *Id.* Put

18  differently, the Complaint "must contain sufficient factual matter, accepted as true, to state a

19  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This

20  requirement is met when the plaintiff "pleads factual content that allows the court to draw the

21  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

22  556 U.S. 662, 678 (2009). Accordingly, the Court must accept as true all "well-pleaded factual

23  allegations" in the Complaint for the purposes of considering the Motion to Dismiss. *Id* at 679.

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

**B. Analysis**

    1. <u>Count III -- Equal Protection</u>

    In Count III, Plaintiff alleges a violation of the 14th Amendment Equal Protection doctrine. He claims that he was treated differently than other Hearing Officers without a rational basis by reason of his refusal to rewrite his opinion in the Nichols case. In essence, he argues that he is the sole member of a class of people discriminated against by SHA, with the class lines drawn according to who refused to rewrite their opinions. However, in the context of government employment, class-of-one Equal Protection litigation has been soundly rejected by the Supreme Court in *Engquist v. Oregon Dept. of Agr.*, based on the "individualized, subjective" nature of personnel decisions. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 605 (2008); *see also, Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). The Court called this type of litigation "simply a poor fit in the public employment context." *Engquist, 553 U.S. at 605.*

    Additionally, Plaintiff claims that he was treated differently based upon his failure to find in favor of the SHA but he fails to adequately plead facts to support this. He states that he was treated differently than Hearing Officers who did not rule in favor of Section 8 voucherholders. However, he does not address treatment by Defendants of other Hearing Officers who have found in favor of voucherholders. In fact, the only fact that Plaintiff pleads in regard to other Hearing Officers is that the Hearing Officer under the prior hearing system was called upon at times to explain his decisions when he found in favor of voucherholders but that Hearing Officer was *not* removed or punished for his findings. While all inferences should be made in Plaintiff's favor, he does not plead facts sufficient to infer that the decision to fire him was discriminatory.

    Accordingly, Plaintiff's claim for Violation of Equal Protection will be dismissed.

1    2.   <u>Count IV</u>

2    In Count IV, Plaintiff alleges a violation of the right to due process on behalf of the

3    voucherholders served by SHA. Plaintiff asserts third-party standing to bring this claim.

4    Generally, in order to satisfy the requirement of standing and maintain an action, a party must

5    plead an injury directly to him or herself as a result of the defendant's actions. *Powers v. Ohio*,

6    499 U.S. 400, 410 (1991); *Singleton v. Wulff*, 428 U.S. 106, 113 (1976). However, courts make

7    an exception to this rule, allowing third-party standing, when (1) the litigant has suffered an

8    "injury in fact," (2) the litigant has a close relation to the third party, and (3) there exists some

9    hindrance to the third party's ability to protect his or her own interests. *Powers*, 499 U.S. at 410-

10   11; *Wasson v. Sonoma Cnty. Junior College*, 203 F.3d 659, 663 (9th Cir. 2000). As explained by

11   the Supreme Court, the reason that courts are reluctant to adjudicate a third party controversy

12   absent these circumstances rests on the idea that third parties are usually the best advocates of

13   their own interests and they are in the best position to decide which rights they wish to assert.

14   *Singleton*, 428 U.S. at 113-14.

15       i.   *Injury in fact*

16   In the instant case, the consideration which weighs most heavily in Plaintiff's favor is the

17   injury in fact. Plaintiff's removal from employment was clearly an injury to him and neither

18   party disputes this fact.

19       ii.   *Relationship to third party*

20   However, his relationship to the third parties is tenuous. While Defendant's arguments

21   are unconvincing, Plaintiff does not establish a sufficient relationship to voucherholders.

22   Defendant's argument that Plaintiff cannot be impartial in presiding over voucherholders' cases

23   and, at the same time, have a vested interest in the impartiality of those hearings is weak at best.

24

1  Plaintiff can indeed assert a vested interest in voucherholders being subject to fair and impartial

2  hearings without having any interest in the outcome of those fair and impartial hearings.

3       Defendant's argument that this case is like those, such as *Kowalski v. Tesmer* and

4  *Fenstermaker v. Obama*, in which attorneys could not assert third party standing on behalf of

5  future hypothetical clients, is similarly unsatisfactory. On the contrary, Plaintiff seeks to protect

6  the interests of clients who have in fact been subject to adjudication. This is more like *Powers*, in

7  which a criminal defendant sought to protect the rights of jurors to not be excluded based on

8  race. *Powers*, 499 U.S. While the defendant's and jurors' interests were not aligned as to the

9  outcome of the case, their interests were nevertheless aligned as to the propriety of jury selection.

10 *Id*.

11      Nevertheless, the nature of this relationship is not close enough for Plaintiff to effectively

12 advocate for the third parties. For one thing, Plaintiff is not in a position to know the wishes of

13 the voucherholders. Prior cases have allowed plaintiffs to advocate on behalf of classes of people

14 unbeknownst to them for rights which could be exercised, or not, by the third parties post-

15 adjudication, such as the right to contraception (*Griswold v. Connecticut*, 381 U.S. 479 (1965)),

16 the right to an abortion (*Singleton*, 428 U.S.), or the right to serve on a jury regardless of race

17 (*Powers*, 499 U.S.). On the other hand, Plaintiff seeks to assert rights on behalf of an entire class

18 of voucherholders, not to a choice but to a system that they would then be constrained to use as

19 Plaintiff envisions it. In the same vein, Plaintiff is not in a position to decide what remedy the

20 voucherholders would choose. He asks for monetary compensation and an injunction prohibiting

21 the SHA from further alleged civil rights violations. However, there is no indication that

22 voucherholders would not choose another remedy, such as restoring Plaintiff to his position or

23 even monetary damages payable to themselves. Lastly, there is no indication that these

24

voucherholders would wish to protect this interest at all. The voucherholders may have no interest in bringing the instant action and it is a waste of judicial resources to hear a case on behalf of parties who have no interest in the outcome.

*iii.   Hindrance to the third party's ability to protect its interest*

Further, there is no evidence of a substantial hindrance to the ability of the voucherholders. On the contrary, as Plaintiff points out, the voucherholder whose case precipitated this litigation did assert her own rights in court and prevailed. Other voucherholders could similarly sue on their own behalves, if so inclined. There are no inherent obstacles to them doing so. Plaintiff argues that these voucherholders are unaware that their civil rights have been violated and this is a sufficient obstacle to allow for third party standing. However, the more practicable solution would be to inform them and then let them decide whether to pursue an action. This is especially so in light of the monetary element of the relief sought.

Because Plaintiff cannot establish either a relationship to the third party or a hindrance to the third party's ability to protect its own interest sufficient to warrant third party standing, the claim for Violation of Third Parties' Constitutional Right to Due Process will be dismissed.

**C.  Leave to Amend**

In accord with FED.R.CIV.P. 15, this Court freely gives leave to amend when doing so could rectify the deficiencies in a plaintiff's claim. However, amendment in this case would be futile. Therefore, the dismissal will be without leave to amend.

## III. CONCLUSION

The Court, having considered Defendants' motion, Plaintiff's response thereto, the reply, and the remainder of the record, hereby finds and ORDERS:

(1)      Defendant's Motion to Dismiss (Dkt. # 11) is GRANTED.

The Clerk of the Court is directed to forward a copy of this Order to all counsel of

record.

DATED this 5th day of September 2013.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8