

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VARN CHANDOLA,

           Plaintiff,

       v.

SEATTLE HOUSING AUTHORITY, a
municipal corporation, and JAMES
FEARN, an individual,

           Defendants.

CASE NO. 13-cv-00557RSM

ORDER ON MOTION FOR
RECONSIDERATION

     This Matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Ruling on Defendants' Motion to Dismiss. Dkt. # 24. Plaintiff contends that the Court committed manifest error in dismissing his Equal Protection and Due Process claims (Dkt. # 23). Having considered the response and reply briefs submitted by the parties pursuant to Local Civil Rule 7(h) (*See* Dkt. ## 28, 29) as well as the remainder of the record, the Court grants Plaintiff's Motion for Reconsideration in part.

1

**BACKGROUND**

2        This case arises from the removal of Plaintiff, Varn Chandola, from his role as a Hearing

3    Officer by Defendant Seattle Housing Authority ("SHA"). Defendant SHA is a public housing

4    authority, established pursuant to the Housing Authorities Law, RCW 35.82 *et seq.*, and

5    operating within Seattle, Washington. SHA receives federal funding for use in administering

6    low-income housing programs in Seattle, including the Section 8 Housing Choice Voucher

7    Program, which is at issue in this case. *See* 42 U.S.C. 1437f(0). A Section 8 participant, or

8    "voucherholder," is entitled to request an "informal hearing" whenever the SHA seeks to

9    terminate her participation. Dkt. # 13, ¶ 4.4. A Hearing Officer presides over these termination

10   hearings and is charged with issuing a written opinion either upholding or overturning SHA's

11   decision. *Id.* at ¶ 4.6.

12       In June 2008, SHA consented to a judicial order that, among other things, required SHA

13   to hire competent attorney Hearing Officers and implemented a list of Hearing Officers from

14   which SHA would select to hear cases on a "blind rotation basis." Under the Order, exceptions to

15   the "blind rotation basis are allowed only for 'good cause,'" such as for "scheduling difficulties

16   and ethical conflicts." Dkt. # 10-1, ¶ 4.8; Dkt. # 15, Ex. A., p. 21; *see Hendricks v. SHA*, No.

17   C07-657TSZ (W.D. Wash. June 9, 2008). SHA hired Plaintiff Varn Chandola in 2009 along with

18   a number of other Hearing Officers under three-year written Contracts. *See* Dkt. # 15, Ex. A. As

19   per its terms, SHA could terminate the Contract "for [its] convenience or the failure of the

20   Hearing Office to fulfill the contract obligations (default)," upon delivering a written Notice of

21   Termination. *Id.* at p. 12. The Contract required Hearing Officers to serve as "competent and

22   impartial decision-maker[s]" for informal voucher termination hearings. *Id.* at p. 17. Defendant

23

24

1   Fearn was in charge of assigning cases to Hearing Officers and paying them for their work

2   performed for SHA.

3         In June of 2010, Plaintiff presided over a hearing to review the potential termination of

4   voucherholder Jacquelyn Nichols from the Section 8 program. Plaintiff found in favor of Ms.

5   Nichols on July 6, 2010. Subsequently, Defendant Fearn wrote to Ms. Nichols that Plaintiff's

6   decision would be disregarded as outside the scope of his authority and that Plaintiff would be

7   expected to revise his decision accordingly. Dkt. # 13-1, Ex. 1. Plaintiff refused to do so and Mr.

8   Fearn continued to insist that he revise his decision, culminating in reassignment of the cases to

9   another Hearing Officer. Dkt. # 13, ¶¶ 4.36; Dkt. # 13-1, Ex. 2-5.

10         The Hearing Officer who replaced Plaintiff found in favor of SHA, prompting Ms.

11   Nichols to petition the King County Superior Court for a writ of review. On June 1, 2011, the

12   Court granted the writ and ruled in favor of Plaintiff's conclusions in his 2010 ruling. *See* Dkt. #

13   13-1, Ex. 6. Upon appeal, Division I of the Washington Court of Appeals affirmed the lower

14   court's decisions, concluding that Chandola did not exceed his authority and that his decision

15   was therefore binding on SHA. *Nichols v. Seattle Housing Authority*, 171 Wash.App. 897, 288

16   P.3d 403 (2012).

17         Despite the state court's determination and Plaintiff's repeated demand for payment,

18   Defendants have refused to pay Plaintiff for his work on the Nichols case. Dkt. # 13, ¶ 4.39.

19   Unbeknownst to Plaintiff, Defendants also removed Plaintiff from the pool of Hearing Officers

20   used by SHA. *Id.* at ¶¶ 4.40-4.41. Defendants never provided Officer Chandola with a "Written

21   Notice of Termination." *Id.* at ¶ 4.42.

22         Plaintiff filed this action in state court, alleging causes of action for violation of the

23   Fourteen Amendment, federal statute 42 U.S.C. § 1983, breach of contract, and breach of the

24

1   covenant of good faith and fair dealing. Defendants removed the case to this Court and moved to

2   dismiss Plaintiff's claims for violation of Equal Protection and violation of Third Parties'

3   Constitutional Right to Due Process. After the Court granted Defendants' motion to dismiss (*See*

4   Dkt. # 23), Plaintiff filed the instant motion for reconsideration.

5   **STANDARD OF REVIEW**

6        Motions for reconsideration are disfavored and will ordinarily be denied absent a

7   showing of manifest error or of new facts or legal authority. *See* Local Rule 7(h)(1). No motion

8   for reconsideration shall be granted without a Court-ordered response. *See* Local Rule 7(h)(3).

9        On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

10  12(b)(6), all allegations of material fact must be accepted as true and construed in the light most

11  favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

12  1996). However, the court is not required to accept as true a "legal conclusion couched as a

13  factual allegation." *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

14  *Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter,

15  accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This

16  requirement is met when the plaintiff "pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

18  **ANALYSIS**

19  **A.  Equal Protection**

20       In his Motion for Reconsideration, Plaintiff contends that the Court manifestly erred in

21  dismissing Plaintiff's class-of-one Equal Protection claim without leave to amend. Plaintiff

22  argues that the Court erred in relying on *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591

23  (2008), to dismiss his claim based on its unavailability in contexts where the government acts in

24

its role as a public employer. Plaintiff also contends that the Court erred in refusing to grant him leave to amend factual defects.

A class-of-one theory does not present the usual Equal Protection challenge to governmental classifications that "affect some groups of citizens differently from others." *McGowan v. Maryland*, 366 U.S. 420 (1961). Rather, a class-of-one claim asserts that an individual has been "irrationally singled out" for discriminatory treatment without regards to her group affiliation. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008). To establish a class-of-one violation, Plaintiff must show that SHA: (1) intentionally, (2) treated him differently from other similarly situated Hearing Officers, (3) without a rational basis. *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Building 11 Investors LLC v. City of Seattle*, 912 F.Supp.2d 972, 983 (2012)

As to Plaintiff's first argument, the Court accepts on the facts alleged that the instant case is distinguishable from public employment actions in which class-of-one claims are categorically barred. The Court's reasoning in *Enquist* was premised on the at-will nature of government employment, which involves "discretionary decisionmaking based on a vast array of subjective, individualized assessments." 553 U.S. at 607. The public employment context thereby differs from the prototypical class-of-one case, exemplified by *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)(*per curiam)*, which relied on "the existence of a clear standard against which departures, even of a single plaintiff, could be readily assessed." 553 U.S. at 602. However, in the instant case, Defendants did not exercise the discretionary authority provided by the applicable contract to terminate Plaintiff's employment at their convenience upon Notice of Termination. Rather, Plaintiff has alleged, and Defendants do not contest, that SHA removed him from the blind-rotation selection of Hearing Officers, a decision that, pursuant to the consent

1   order, SHA could only undertake with "good cause." To the extent that a clear standard in this

2   case cabined SHA's discretion, *Enquist* does not apply.

3        Nonetheless, the Court reiterates its finding in its initial Order on Defendants' Motion to

4   Dismiss that Plaintiff has failed to sufficiently plead that he was treated differently from

5   *similarly situated* Hearing Officers. *See* Dkt. # 23, p. 4. Contrary to Plaintiff's assertions that "no

6   comparator evidence is required," Dkt. # 29, p. 4, Plaintiff must clearly establish the existence of

7   "someone who is *prima facie* identical in all relevant respects" with respect to whom he was

8   intentionally treated different. *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir.

9   2002); *Chico Scrap metal, Inc. v. Raphael*, 530 F.Supp.2d 966, 975 (E.D. Cal. 2011)(internal

10  quotations omitted). Unlike group-based Equal Protection claims, class-of-one claims hinge on

11  the identification of a similarly situated comparator group. *See, e.g.*, *Neilsen v. D'Angelis*, 409

12  F.3d 100 (2d Cir. 2005) (rev'd on other grounds, *Appel v. Spiridon*, 531 F.3d 138 (2d Cir.

13  2008))(finding that plaintiff's class-of-one claim fails as a matter of law because plaintiff did not

14  establish that he was similarly situated to comparator group); *Chico Scrap Metal, Inc.*, 830

15  F.Supp.2d at 975. As Plaintiff has not pled facts sufficient to identify the similarly situated

16  comparator group of Hearing Officers with respect to whom he was intentionally and irrationally

17  treated differently, his claim was appropriately dismissed. Accordingly, the Court vacates its

18  prior Order only to the extent that Plaintiff's Equal Protection claim was dismissed with

19  prejudice.

20  **B.  Third-Party Due Process**

21        Plaintiff also moves the Court to reconsider its dismissal of Plaintiff' third-party Due

22  Process claim. The Court dismissed Plaintiff's claim finding that Plaintiff failed to establish that

23  he possessed a sufficiently close relation to the third party and that the third-party was hindered

24

1   in its ability to protect its interest. Dkt. # 24, pp. 5-7. In contesting the Court's decision, Plaintiff

2   rehashes arguments advanced in opposition to Defendants' motion to dismiss and already

3   rejected by the Court. As Plaintiff's motion does not show that the Court's committed manifest

4   legal error in dismissing Plaintiff's third-party due process, this claim shall remained dismissed

5   with prejudice.

6                                              **CONCLUSION**

7           For the reasons stated herein, the Court hereby ORDERS that Plaintiff's Motion for

8   Reconsideration (Dkt. # 24) is GRANTED in part and DENIED in part. Plaintiff's Motion is

9   granted to the extent that Plaintiff is allowed leave to amend his Equal Protection claim.

10  Plaintiff's Motion is denied in all other respects.

11          DATED this 13th day of March 2014.

12

13

14                                             _____
                                               RICARDO S. MARTINEZ
15                                             UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24