HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VARN CHANDOLA,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>SEATTLE HOUSING AUTHORITY, a municipal corporation; and JAMES FEARN, an individual,<br><br>　　　　　　　　　Defendants. | NO. 13-cv-00557-RSM<br><br>DEFENDANTS' MOTION TO COMPEL DOCUMENTS PURSUANT TO SUBPOENA<br><br>**NOTED FOR HEARING: AUGUST 15, 2014** |

Defendants Seattle Housing Authority and James Fearn ("Defendants"), move to compel production of documents from Eric Dunn pursuant to Defendants' Subpoena served on Mr. Dunn on June 30, 2014.

**I.  Factual Background**

Eric Dunn is an attorney with the Northwest Justice Project, who plaintiff included as one of only seven witnesses in plaintiff's Rule 26(a)(1) Initial Disclosures. *Declaration of Kristen Dorrity in Support of Defendants' Motion to Compel Documents*, Ex A. On June 30, 2014, Defendants served a subpoena duces tecum on Eric Dunn, compelling Mr. Dunn to appear and produce documentation on July 9, 2014 at 1:30 p.m. Ex B to *Dorrity Decl.* The subpoena was

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 1

Andrews■Skinner, P.S.
*645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050*

properly served. Ex C to *Dorrity Decl.* Mr. Dunn has not asserted service was improper. *Dorrity Decl.* Mr. Dunn advised the parties he would be unavailable for the July 9 date, and that he would be unavailable from July 4 until after July 15. *Dorrity Decl.* Mr. Dunn requested that the deposition be rescheduled to a date after he returned from a vacation, and the parties to this action, through their counsel of record, agreed that Mr. Dunn's deposition could be noted after the July 15 discovery cutoff and that it would be noted to take place on August 1, 2014. *Dorrity Decl.* On July 2, the parties entered into and filed a stipulation to schedule Mr. Dunn's deposition on August 1 (Dkt 61) and on July 9, the Court entered the stipulated order (Dkt 62).

The Subpoena requires Mr. Dunn to produce the following documents:

> All documents of any nature, including but not limited to correspondence, memoranda, emails, text messages, handwritten notes, e-mails, or any other written, electronic, recorded, or transcribed, matter, related to M. Varn Chandola's status as a hearing officer at any time for Seattle Housing Authority, any services provided by M. Varn Chandola to Seattle Housing Authority at any time, any conversation with M. Varn Chandola regarding his claims against Seattle Housing Authority and/or regarding James Fearn or any other employee of Seattle Housing Authority, any conversation with M. Varn Chandola's attorneys regarding his claims against Seattle Housing Authority, and/or regarding James Fearn or any other employee of Seattle Housing Authority.

Ex B to *Dorrity Decl.*

Notably, neither Plaintiff nor Plaintiff's attorneys objected to the subpoena or asserted that any of the documents requested or any areas of inquiry with Mr. Dunn are privileged for any reason. *Dorrity Decl.* Nonetheless, Mr. Dunn has asserted he believes matters which may be inquired into are privileged, and requested that the parties cancel his deposition. *Id.*

On July 3, counsel for Defendants emailed Mr. Dunn that Defendants did not intend to inquire into privileged matters, but that no privilege attached to the documents listed in the

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 2

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050

1  subpoena. Ex D to *Dorrity Decl*. Defendants proposed that in light of Mr. Dunn's request to
2  cancel his deposition, if he would first produce the documents identified in the subpoena,
3  Defendants would consider whether the deposition was necessary. *Id*. Also on July 3, the day
4  before he was to leave for vacation, Mr. Dunn again objected to the deposition and the
5  production of documents by email and letter, although he stated in his letter that he would
6  reconsider the matter after July 15. Ex E to *Dorrity Decl*.

7  On July 23, 2014, Mr. Dunn emailed another letter to counsel along with certain
8  documents. Ex F to *Dorrity Decl*. While he produced documents containing HIS
9  communications with the Plaintiff Mr. Chandola, he objected to and has refused to produce <u>any</u>
10 documents involving or regarding communications between Mr. Dunn and the <u>Plaintiff's</u>
11 <u>attorneys</u> in this case (the law firm of McDonald Hoague & Bayless). *Id*. Importantly, Mr.
12 Dunn has never represented Mr. Chandola. Nor has Mr. Dunn produced a representation
13 agreement or any evidence indicating that he and McDonald Hoague & Bayless, or any of its
14 attorneys, jointly represented any client at any time. Nor has Mr. Dunn produced a privilege log.

15 Mr. Dunn makes the blanket assertion that any and all communications with Plaintiff's
16 attorneys "contain thoughts and impressions of NJP staff or Mr. Chandola's attorneys, or both,
17 and were made about subject matters in which NJP clients have common interests and objectives
18 (i.e., ensuring that properly-qualified and impartial hearing officer preside over SHA
19 administrative hearings, and are permitted to render independent decisions without improper
20 interference or intimidation from SHA attorneys or administrators)." Ex F to *Dorrity*
21 *Decl*. Therefore, he has withheld all such communications. *Id*. As set forth below, Defendants
22 are aware of no basis to assert "common interest" or other privilege in these circumstances.

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 3

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050

In light of Mr. Dunn's position, Defendants, through their counsel, advised Mr. Dunn they would renote his deposition for a later date and file this motion to compel the documents, so that Defendants could have the documents and the parties and Mr. Dunn could have a ruling on the claimed privilege prior to his deposition.

### III.   ISSUES

1. Should the Court reject Mr. Dunn's blanket assertion of privilege and order that Mr. Dunn completely, fully, and without objection immediately produce documents responsive to the Subpoena Duces Tecum attached as Exhibit B to this motion?

2. Should the Court grant Defendants leave to note the deposition of Mr. Dunn to take place after production of the documents at a mutually agreed date and time?

### IV.   AUTHORITY RELIED UPON

SHA relies on the Declaration of Kristen Dorrity and exhibits filed herewith.

### V.   ARGUMENTS

**A.   Discovery and Rule 45 Subpoena on Third Party.**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2) (C).

Fed.R.Civ.P. 26(b)(1).[1]

---

[1] "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 4

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050

Federal Rule of Civil Procedure 45 governs subpoenas duces tecum for the production of documents with or without the taking of a deposition and allows parties to a lawsuit to compel a non-party to produce documents. Under Rule 45, a subpoena or subpoena *duces tecum* "command[s] each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control...". Fed.R.Civ.P. 45(a)(1)(A)(iii). Rule 45(e)(2) requires a person objecting to the subpoena to provide a privilege log. Rule 45(g) authorizes a district court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983) (citing and discussing previous subsection of former Rule 45); *see also Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 WL 798707, at *4 (N.D. Cal. Feb. 8, 2011) ("The only sanction available against nonparties for failure to comply with deposition subpoenas is a contempt citation.") Although subpoenas are issued by attorneys, they are issued on behalf of the district court and should be treated as orders of the district court. *See, e.g. Fidelity Nat. Financial, Inc. v. Friedman*, 2007 WL 446134, at *4 (D.Ariz. Feb. 7, 2007) ("A subpoena duces tecum is itself a court order, noncompliance with which may warrant contempt sanctions.")

Here, the documents have been properly subpoenaed, are discoverable, and no privilege applies.

**B.    No Privilege Protects Mr. Dunn's Communications with Plaintiff or Plaintiff's Attorneys.**

---

whether discovery should be compelled." *Vancey v. Hooten*, 180 F.R.D. 203, 207 (D. Conn. 1998) (citations omitted). "The party resisting discovery bears the burden of demonstrating that its objections should be sustained...." *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).

MOTION TO COMPEL DOCUMENTS PURSUANT TO SUBPOENA - 5

Andrews·Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 · Fax: 206-623-9050

In his Initial Disclosures plaintiff identified Mr. Dunn as a witness with discoverable information. Ex A to *Dorrity Decl.*

Mr. Dunn agrees that there is no privilege concerning his communications with Plaintiff himself, as Mr. Dunn has produced certain communications between himself and Plaintiff. Ex F to *Dorrity Decl.* Mr. Dunn nonetheless makes a blanket assertion of privilege with respect to his communications with Plaintiff's attorneys. The burden is on Mr. Dunn to establish the privilege he claims, and he has not met his burden.

### a. Mr. Dunn Has Not Met His Burden to Establish Privilege

A party asserting privilege has the burden of proof. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) ("The burden is on the party asserting the privilege to establish all the elements of the privilege." (citation omitted)).

"Blanket assertions are 'extremely disfavored.'" *Id.* (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992)). "A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." *Id.* (citation omitted).

Here, it is unclear what privilege Mr. Dunn is asserting. He does not appear to claim he was a client seeking legal advice from Plaintiff's attorneys. He has never asserted (nor has anyone else) that he ever represented Plaintiff. The absence of any detail in his privilege claim allowing this Court or Defendants to discern what privilege he is asserting is the type of "[b]lanket assertion" disfavored by the Court. *Id.* Further, apart from his general statement regarding the contents of the communications, Mr. Dunn has failed to submit a privilege log or to

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 6

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050

otherwise identify specifically the information at issue and the privilege applying to each piece of information. *See id.* Accordingly, Mr. Dunn has failed to meet his burden of showing that the information is privileged.

Mr. Dunn's relationship to the case at hand simply does not allow a finding of *any* privilege. First, insofar as Mr. Dunn claims that his communications with Plaintiff's attorneys were privileged by virtue of an attorney-client relationship with Plaintiff, his claims fail because he had no attorney-client relationship with Plaintiff and disclosure of his communications with Plaintiff waived the privilege. Second, if Mr. Dunn claims that his communications with Plaintiff's attorneys were privileged because they related to work-product for his clients at the Northwest Justice Project, he waived the privilege by discussing the matter with Plaintiff's counsel. Finally, assuming he claims that his communications with Plaintiff's attorneys were privileged under the "common interest" doctrine, that argument fails because he was not a party to the suit and did not represent a party to the suit.

### b. Any Asserted Privilege With Plaintiff Has Been <u>Waived</u>.

There is no indication of any attorney-client relationship between Mr. Dunn and Plaintiff. Further, Mr. Dunn waived any purported privilege between himself and Plaintiff as he produced documents containing communications with Plaintiff. Exs A and F to *Dorrity Decl.* One of the elements that a party asserting privilege must prove is that it has not waived the privilege. *Weil v. Investment/Indicator, Research & Mgmt., Inc.,* 647 F.2d 18, 25 (9th Cir. 1981). "[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Id.* at 23-24 (privilege waived during discovery when defendant disclosed advice given to him by counsel during

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 7

Andrews•Skinner, P.S.
*645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050*

deposition). Accordingly, even if Mr. Dunn and Plaintiff had had an attorney-client relationship (which they did not), Mr. Dunn waived any possible privilege by disclosing his communications with Plaintiff to third parties.

### c. Work-Product Privilege on Behalf of Northwest Justice Project Clients Has Been <u>Waived</u>.

As discussed above, Mr. Dunn has provided neither Defendants nor this Court with information sufficient to discern which privilege he claims and to which communications the privilege applies. However, insofar as Mr. Dunn claims that his communications with Plaintiff's attorneys were privileged under the work-product doctrine, Mr. Dunn waived any privilege by communicating the information to Plaintiff's attorneys.

"The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir.1989) (citing Fed.R.Civ.P. 26(b)(3))). Similar to the attorney-client privilege, "[t]he work-product doctrine's protections are waivable," and such waiver occurs by disclosure of the information to a third party. *Id.*; *Avocent Redmond Corp. v. Rose Electronics, Inc.*, 516 F. Supp. 2d 1199, 1202 (W.D. Wash. 2007).

Here, Mr. Dunn claimed that his communications with Plaintiff's attorneys "contain thoughts and impressions of NJP staff or Mr. Chandola's attorneys, or both, and were made about subject matters in which NJP clients have common interests and objectives (i.e., ensuring that properly-qualified and impartial hearing officer preside over SHA administrative hearings, and are permitted to render independent decisions without improper interference or intimidation

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 8

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

from SHA attorneys or administrators)." Ex F to *Dorrity Decl.* Mr. Dunn does not indicate whether or to what extent communications were made "in anticipation of litigation," and there is no evidence work-product privilege applies here. To the extent he asserts work-product privilege concerning his NJP clients, while he seeks to withhold the information he disclosed to Plaintiff's attorneys, it is that very disclosure that renders the material unprotected—Mr. Dunn waived any purported work-product privilege by disclosing the information to Plaintiff's attorneys where no common interest privilege attached.

### d. No "Common Interest" Privilege.

To the extent Mr. Dunn asserts a "common interest" privilege, his claim fails because he is not a party to this suit and does not represent any of the parties in this suit. "The 'common interest' or 'joint defense" privilege is an exception to the general rule that the voluntary disclosure of a privileged attorney-client or work-product communication to a third party waives the privilege." *Avocent*, 516 F. Supp. 2d at 1202 (citing *Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir.1965)). "The privilege protects the confidentiality of communications passing *from one party to the attorney of another party* when made to further a joint effort." *Id.* (emphasis added) (citing *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir.1989)). The privilege applies if: "(1) the communication was made by separate parties in the course of a matter of common interest or joint defense; (2) the communication was designed to further that effort; and (3) the privilege has not been waived." *Id.* at 1203. Further, the common interest rule requires that the parties intentionally invoke the privilege. *Id.* That is, the parties "must intend and agree to undertake a joint defense effort." *Id.*

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 9

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050

Here, Mr. Dunn is neither a party to this suit nor the attorney of a party to this suit.[2] Accordingly, there is no reasonable basis upon which he could assert the common interest privilege. There is simply no support in the law for Mr. Dunn's contention that the fact that his Northwest Justice Project clients may generally have an interest in the outcome of this case makes his communications with Plaintiff's counsel in this case privileged. The common interest required in order for the privilege to apply is the interest in a *common defense* between *parties to the case*; there is no authority that the rule has been applied to what are essentially amici claiming a general interest in the outcome of the litigation. For the foregoing reasons, there is no basis for Mr. Dunn to assert the common interest rule as a basis for privilege here.

## VI. CONCLUSION

Defendants respectfully request the Court order production of the documents per the subpoena and order that Defendants may take the deposition of Mr. Dunn on a mutually agreeable date and time.

DATED this 24th day of July, 2014.

ANDREWS ▪ SKINNER, P.S.

/s/ Kristen Dorrity
KRISTEN DORRITY, WSBA #23674
Email: kristen.dorrity@andrews-skinner.com
ANDREWS ▪ SKINNER, P.S.
645 Elliott Avenue West, Suite 350
Seattle, WA 98119-3911
Attorneys for Defendants

---

[2] Indeed, because Mr. Chandola is the plaintiff in this matter, it is unclear whether he or Mr. Dunn could invoke the privilege at all. See *Avocent* at 1202, describing the privilege as a "joint *defense* privilege."

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**Attorneys for plaintiff:**
Joseph R. Shaeffer
Jesse Wing
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, WA  98104


ANDREWS ▪ SKINNER, P.S.

/s/ Kristen Dorrity
KRISTEN DORRITY, WSBA #23674
Email: kristen.dorrity@andrews-skinner.com
ANDREWS ▪ SKINNER, P.S.
645 Elliott Avenue West, Suite 350
Seattle, WA 98119-3911
  Attorneys for Defendant

MOTION TO COMPEL DOCUMENTS PURSUANT
TO SUBPOENA - 11

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

DECLARATION OF SERVICE

I, Nicole Plouf, hereby declare as follows:

1. I am a citizen of the United States and of the State of Washington, living and residing in King County, in said State, I am over the age of eighteen years, not a party to the above-entitled action, and competent to be a witness herein.

2. On the 24th day of July, 2014, I caused a copy of the foregoing to be sent for service upon the following in the manner noted:

**Witness Eric Dunn:**
Eric Dunn
Northwest Justice Project
401 Second Ave S., Ste. 407
Seattle, Wash. 98104
Tel.: (206) 464-1519, ext. 234
**Via E-mail and Mail:**
ericd@nwjustice.org

**Attorneys for plaintiff:**
Joseph R. Shaeffer
Jesse Wing
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, WA 98104
**Via E-mail and Mail:**
jessew@mhb.com; josephs@mhb.com;
brinac@mhb.com; pattil@mhb.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 24th day of July, 2014, at Seattle, Washington.

*[Signature]*
Nicole Plouf, Paralegal

MOTION TO COMPEL DOCUMENTS PURSUANT TO SUBPOENA - 12

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 • Fax: 206-623-9050