1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

8  VARN CHANDOLA,                               Case No. 2:13-cv-557-RSM

9                        Plaintiff,              ORDER ON MOTIONS

10           v.

11

12  SEATTLE HOUSING AUTHORITY, a
    municipal corporation; and JAMES FEARN, an
13  individual,

14                        Defendants.

15

16        This matter comes before the Court on Plaintiff's Motion for Leave to File Third Amended

17  Complaint (Dkt. # 47), Defendants' Motion to Continue Trial Date and Dispositive Motions

18  Deadline (Dkt. # 64), and Defendants' Motion for Leave to File Excess Pages for Summary

19  Judgment Motion (Dkt. # 72). Having considered the briefing and relevant record and for the

20  reasons set forth herein, Plaintiff's request to file a third amended complaint shall be denied,

21  Defendants' motion to continue shall be denied, and Defendants' request to file excess pages shall

22

23  be granted in part.

24                                    **Analysis**

25  (1) **Leave to Amend**

26        Plaintiff Varn Chandola moves the Court for leave to file a third amended complaint in

27  order to bring a claim under 42 U.S.C. § 1983 based on Defendants' alleged retaliation for

28

ORDER ON MOTIONS - 1

petitioning activity. Chandola premises his claim on an email sent January 30, 2013, in which Defendant James Fearn directed Defendant Seattle Housing Authority ("SHA") to pay Chandola approximately $900 invoiced for his work as a hearing officer on the *Nichols* case. *See* Order on Reconsideration, Dkt. # 30 (discussing *Nichols* case). Chandola additionally bases his claim on a statement by Fearn during his deposition of May 13, 2014, in which Fearn stated, in part, that one reason that SHA did not pay Chandola was that "he had filed his claim, if not his lawsuit, by then." *See* Dkt. # 47, p. 3 (citing Dkt. # 48, Ex. 1, pp. 179-80). Plaintiff contends that this statement evidences Fearn's improper retaliatory motive behind his refusal to pay Chandola for work performed.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall freely be given when justice so requires." However, this liberal policy in favor of granting leave is not unbounded. It is tempered by considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court agrees with Defendants that the requested leave to amend must be denied, principally as it untimely and unduly prejudicial to Defendants. While the Court recognizes that Plaintiff was not in possession of Fearn's allegedly incriminating statement until his deposition was taken in May 2014, Plaintiff has been in possession of the triggering email since Defendants served it on Plaintiff in response to written discovery in November 2013 and was at liberty to depose Fearn at an earlier date to probe his motives in a timely fashion. Plaintiff's request to amend seven months later, at the close of discovery, is plainly unduly delayed, which alone is a reason for denying the instant request. *See Contact Lumber Co. v. P.T. Moges Shipping Co.* 918 F.2d 1446, 1454 (9th Cir. 1990).  In addition, the dilatory request would unduly prejudice

Defendants, who have already deposed Plaintiff and will now be unable to question him on the damages connected to his newly asserted claim. That Plaintiff's substantial delay would unfairly disadvantage Defendants also weighs against amendment. *See Earlie v. Jacobs*, 745 F.2d 342 (5th Cir. 1984). The futility of the request provides further grounds for denying leave: Plaintiff's allegation is premised on a misleading excerpt from Fearn's deposition, which considered in its full context, negates a showing of retaliation. *See* Dkt. # 48, Ex. 1, pp. 180-81 (answering "No" when asked if Fearns chose not to pay Chandola because he had filed a lawsuit and explaining that Chandola was claiming much more than the invoiced amount). Leave to amend shall accordingly be denied.

**(2) Continuance of Deadlines**

Defendants request leave to continue the current November 12, 2014 trial date to February 9, 2015, and to continue to current August 14, 2014 dispositive motions deadline to September 11, 2014. Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Here, the Court agrees with Plaintiff that Defendants have failed to make the requisite showings for the requested continuances. As the Court herein denies Plaintiff's request to add a new allegation, there are no new issues before Defendants that would require a reopening of discovery. The remaining allegations have been known to Defendants for many months, and there is no reason that Defendants should not be in a position to file their motion for summary judgment as to these claims before the deadline provided. Defendants have not shown that these claims are so unusually complex or novel, or that they have become more so during discovery, so as to justify an extension. For the sake of judicial economy and as good cause to extend deadlines has not been shown, Defendants' request is accordingly denied.

**(3) Leave to File Excess Pages**

---

ORDER ON MOTIONS - 3

Pursuant to Local Civil Rule 7(f), Defendants seek leave to file multiple summary judgment motions of up to a total of 60 pages in length or, alternatively, a single over-length brief of no more than 60 pages. Defendants contend that the additional pages are necessary to fully address the five claims in Plaintiff's operative complaint on which Defendants move for summary judgment dismissal, as well as to address dismissal of all claims against Defendant Fearn on the basis of qualified immunity.

The Court agrees that the number of claims to which Defendants' dispositive motion relates warrants, in this instance, additional briefing. However, the Court does not agree that the complexity of the case warrants briefing of the extent requested. Accordingly, the Court shall grant Defendants an additional sixteen (16) pages for a single summary judgment motion, for a total of forty (40) pages. Defendants shall not be granted leave to file contemporaneous dispositive motions. Plaintiff shall also be granted sixteen additional pages for his opposition brief, and the reply brief shall be limited to one-half the brief in opposition. *See* LCR 7(f)(4).

### **Conclusion**

For the reasons set forth herein, the Court hereby ORDERS as follows:

(1) Plaintiff's Motion for Leave to File Third Amended Complaint (Dkt. # 47) is DENIED.

(2) Defendants' Motion to Continue Trial Date and Dispositive Motions Deadlines (Dkt. # 64) is DENIED.

//

//

//

//

//

//

(3) Defendants' Motion for Leave to File Excess Pages for Summary Judgment Motion (Dkt. # 72) is GRANTED in part. Defendants are granted an additional sixteen (16) pages of briefing, for a total of forty (40) pages for their single dispositive motion. Plaintiff is also granted an equal number of additional pages for his opposition brief, for a total of forty (40) pages. Any reply brief shall be no more than one-half the number of pages filed in opposition.

Dated this 8th day of August 2014.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS - 5