UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VARN CHANDOLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE HOUSING AUTHORITY, a municipal corporation, and JAMES FEARN, an individual,<br><br>　　　　　Defendants. | CASE NO. C13-557 RSM<br><br>ORDER GRANTING MOTION TO DISMISS EQUAL PROTECTION CLAIM IN PLAINTIFF'S SECOND AMENDED COMPLAINT |

This matter is before the Court on Defendants' Motion to Dismiss Equal Protection Claim in Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 34. The Court previously granted Plaintiff an opportunity to amend this claim to cure factual deficiencies in his pleadings. *See* Dkt. # 30. The Court now grants Defendants' Motion and dismisses Plaintiff's Third Cause of Action for Equal Protection with prejudice.

**Standard of Review**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

Thought the court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court has taken judicial notice of and considers herein the contract between the Seattle Housing Authority ("SHA") and Plaintiff (Dkt. # 15, Ex. A), as well as the Consent Decree in *Hendrix v. Seattle Housing Authority*, No. C07-657TSZ (W.D. Wash. June 9, 2008). The Court may properly take judicial notice of documents such as these whose authenticity is not contested and which Plaintiff has relied on his complaint. *Swartz*, 476 F.3d at 763; *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations and alterations omitted).

**Analysis**

The background of this case is provided in the Court's Order granting in part Plaintiff's Motion for Reconsideration. Dkt. # 30. The Court therein reconsidered its prior Order dismissing Plaintiff's Causes of Action for Equal Protection and Third Party Due Process (Dkt. # 23) for the sole purpose of providing Plaintiff leave to amend his complaint to cure factual deficiencies with respect to his class-of-one Equal Protection claim.

In granting leave to amend, the Court declined Defendants' invitation to find that the Supreme Court's decision in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 595 (2008) necessarily controls Plaintiff's Equal Protection claim because of his status as either a government contractor or employee.  The Supreme Court's decision in *Enquist* turned on the at-will nature of government employment, which involves "discretionary decisionmaking based on a vast array of subjective, individualized assessments." 553 U.S. at 607. The Supreme Court expressed its concern that "ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance" and cause the "displacement of managerial discretion by judicial supervision." *Id.* at 609-10 (internal quotations omitted). By contrast, the prototypical class-of-one case, exemplified by *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (*per curiam*), relies on "the existence of a clear standard against which departures, even of a single plaintiff, could be readily assessed." 553 U.S. at 602. Thus, this Court explained that to the extent that a clear standard in this case cabined SHA's discretion, *Enquist* does not apply. Dkt. # 30, p. 6.[1] *Cf. Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1274 ("Just as in the employee context, and *in the absence of a restricting contract or statute,* decisions involving government contractors require broad discretion that may

---

[1] The Court also found that Plaintiff had not met his burden to plead facts sufficient to identify the similarly situated comparator group, as necessary in a class-of-one claim. *See, e.g., Chico Scrap Metal v. Raphael*, 830 F.Supp.2d 966, 975 (E.D. Cal. 2011) (plaintiff must establish that he was "treated differently from someone who is prima facie identical in all relevant respect."). Dkt. # 30, p. 6.

1  'rest on a wide array of factors that are difficult to articulate and quantify.' ") (alteration not in
2  original) (quoting *Enquist*, 553 U.S. at 603).
3        Having considered Plaintiff's Second Amended Complaint, the Court now finds that
4  Plaintiff's Equal Protection claim must be dismissed with prejudice. Plaintiff has not shown that
5  a "clear standard," such as the zoning regulation at issue in *Olech*, restricted the government's
6  ability to act. For the existence of such a standard, Plaintiff points solely to the provision of his
7  employment contract governing hearing officer selection, which provides that: "SHA will assign
8  Hearing Officers from the roster to specific cases on a blind rotating basis; exceptions will be
9  made only for good cause, which shall include but not [be] limited to, scheduling difficulties and
10 ethical conflicts." Dkt. # 15, Ex. A, p. 21. Unfortunately for Plaintiff, "good cause" fails to
11 provide a sufficiently clear standard to remove decisions over hearing officer selection from the
12 broad ambit of employer discretion. Rather, the Ninth Circuit has found that the "good cause"
13 standard contemplates such managerial discretion and specifically cautioned courts against
14 interfering with it. *Joanou v. Coca-Cola CO.*, 26 F.3d 96, 99-100 (9th Cir. 1994) ("The proper
15 inquiry to determine good cause will consider whether the discharge was within the bound of the
16 employer's discretion or instead was trivial, capricious, unrelated to business needs or goals, or
17 pretextual."). Nor do the delineated examples of good cause, such as "scheduling difficulties and
18 ethical conflicts," provide firm guideposts. Good cause may still embrace grounds for action
19 against employees that are unrelated to performance. *Id.* Finally, Plaintiff's attempt to
20 differentiate the instant case from *Enquist* is belied by Plaintiff's own allegation in his Second
21 Amended Complaint that "[t]he contract does not provide any basis or standards for removal of a
22 Hearing Officer from the rotation." Dkt. # 32, ¶ 4.15
23
24

For all these reasons, the Court finds that this matter falls within the *Enquist* prohibition against class-of-one equal protection claims in the public employment context involving subjective and individualized personnel decisions. Accordingly, the Court need not consider Defendants' additional argument that Plaintiff again fails to identify a proper comparator group. Having already granted Plaintiff leave to amend, the Court finds that the deficiencies in his complaint cannot be cured by another attempt at amendment and consequently dismisses Plaintiff's Equal Protection claim with prejudice.

## Conclusion

For the reasons stated herein, the Court hereby ORDERS that Defendants' Rule 12(b)(6) Motion to Dismiss Equal Protection Claim in Plaintiff's Second Amended Complaint (Dkt. # 34) is GRANTED. Plaintiff's Third Cause of Action is DISMISSED with prejudice.

Dated this 11th day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE