UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VARN CHANDOLA,

                    Plaintiff,

          v.

SEATTLE HOUSING AUTHORITY, a
municipal corporation, and JAMES
FEARN, an individual,

                    Defendants.

CASE NO. 13-cv-00557RSM

ORDER ON MOTIONS TO COMPEL

          This matter is before the Court upon Plaintiff's Motion to Compel Discovery (Dkt. # 37)
as well as Defendants' Motion to Compel Documents Pursuant To Subpoena (Dkt. # 66). The
Court previously ordered *in camera* production of and deferred decision on the disclosure of
documents for which the parties have claimed attorney-client and/or work product privilege. *See*
Dkt. # 101. Having critically reviewed the documents for which privilege is asserted, the parties'
briefs, and the remainder of the record, the Court now grants in part and denies in part Plaintiff's
motion to compel and denies in its entirety Defendants' motion to compel.

**DISCUSSION**

1
2    The facts of this case relevant to the instant Motions and the applicable legal standards[1]
3    are provided in the Court's prior Order directing the parties to produce materials for which
4    attorney-client privilege is claimed for *in camera* review. *See* Dkt. # 101. The Court therein
5    explained that while attorney-client privilege is always strictly construed, *see U.S. v. Martin*, 278
6    F.3d 988, 999 (9th Cir. 2002), extra scrutiny is required where in-house counsel is involved, as
7    in-house counsel often act in both a legal and non-legal business capacity, and communications
8    made in this latter capacity are not privileged. *See, e.g.*, *Oracle America, Inc. v. Google, Inc.*,
9    2011 Wl 379489, *4 (N.D. Cal. 2011). In light of the central role of Seattle Housing Authority
10   ("SHA") in-house counsel in the decisions at issue in this case, Defendants thus bear the burden
11   to show that the primary purpose of communications with and in the presence of SHA legal
12   counsel was to seek or receive legal advice rather than administrative in character. *See* Dkt. #
13   101, p. 5. As to application of work product doctrine, a document only qualifies for protection
14   under Fed. R. Civ. P. 26(b)(3) if it was prepared (1) in anticipation of litigation or for trial, and
15   (2) by or for another party or by or for that other party's representative. *In re Grand Jury*
16   *Subpoena (Mark Torf/Torf Environ. Mgmt)*, 357 F.3d 900, 907 (9th Cir. 2003).

17   **(A) Plaintiff's Motion to Compel**

18   Plaintiff seeks to compel production of 52 documents that Defendants have withheld on
19   the basis of attorney-client privilege and/or work product doctrine. Defendants contend that SHA
20   in-house counsel, Defendant Fearn and Ms. Linda Brosell, were acting in their capacity as legal

21

22
23   [1] As provided in the Court's prior Order, the party asserting privilege bears the burden to prove each of eight elements: (1) when legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or the legal adviser (8) unless the protection is
24   waived. *U.S. v. Martin*, 278 F.3d at 999.

advisers for SHA when the communications were made, while Plaintiff contends that the

communications primarily implicate Mr. Fearn's administrative role. Plaintiff also asserts that

Defendants have failed to show that the communications at issue were prepared because of the

prospect of litigation, and that the work product privilege therefore does not apply. Upon careful

*in camera* review of the withheld documents, the Court finds and ORDERS as follows:[2]

**(1) Documents 1, 18 – 20, 24, 25**

The Court finds that Documents 1, 18 – 20, 24, and 25 are not protected by either

attorney-client privilege or the work product doctrine and shall be disclosed. These documents

all concern requests for production of Varn Chandola's contract or files related to an unspecified

hearing. These requests primarily implicate Mr. Fearn's administrative role at SHA and contain

no indicia that they were made in anticipation of litigation.

**(2) Documents 2-17**

The Court finds that Documents 2-17 were properly withheld or redacted on the basis of

attorney-client privilege. The undisclosed portions of these documents consist entirely of Mr.

Fearn's mental impressions and legal analysis regarding the appeal of Ms. Nichols' case,

provided by Mr. Fearn in his role as in-house counsel. As the primary purpose of these emails

was to provide legal advice, these communications remain protected from disclosure. *See*

*Oracle*, 2011 WL 3794892, *4 (providing that internal communications involving in-house

counsel are privileged where the speaker made the communication for the purpose of providing

legal advice).

---

[2] The numbering used herein corresponds to Defendants' numbering in their privilege log and as applied to documents submitted *in camera*.

**(3) Document 21**

Document 21 is similarly protected under attorney-client privilege. The document captures a communication from SHA employee Christopher Wright to Mr. Fearn, expressly seeking his legal advice as in-house counsel on the handling of the Nichols case. Defendants properly characterized the communication as one between an SHA client and its attorney, primarily implicating Mr. Fearn's legal rather than administrative role. This document shall accordingly remain withheld.

**(4) Documents 22, 23**

The Court finds that Documents 22 and 23 are not protected by either attorney-client privilege or the work product doctrine and shall be disclosed. These documents include a communication from Ms. Nichols' counsel, Northwest Justice Project attorney Allyson O'Malley-Jones, informing Mr. Fearn and Ms. Brosell of Ms. Nichols' intention to appeal SHA's ultimate decision to terminate her voucher. There can be no contention that this communication from counsel for a non-party adversary sought the legal advice of SHA's in-house counsel. The remainder of the documents consists of an inquiry and response, purely factual in character, into the procedural status of the appeal. As attorney-client privilege extends only to protect disclosure of communications, but not to disclosure of underlying facts, *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981), these portions too are not privileged and must be disclosed.

**(5) Documents 26 – 28**

Documents 26 and 27 include Mr. Brosell's mental impressions communicated to Mr. Fearn regarding the appeal of the Nichols' case, prompted by the same communication from Ms. Nichols' Northwest Justice Project attorney at issue in Documents 22 and 23. As stated *supra*,

1  the portion of the documents consisting of the O'Malley-Jones communication is not protected

2  by attorney-client privilege and shall be disclosed. By contrast, the portions of these documents

3  containing Ms. Brosell's reaction to the O'Malley-Jones communication are primarily legal in

4  character. These portions contain Ms. Brosell's legal analysis of the Nichols' case and of the

5  correctness of Mr. Chandola's decision, communicated to Mr. Fearn in his role as in-house

6  counsel. These portions shall accordingly be redacted.

7        Document 28 contains a communication from Christopher Wright to Mr. Fearn, expressly

8  seeking the advice of SHA's legal department on strategies with respect to Ms. Nichols'

9  termination proceedings. As this communication implicates Mr. Fearn's role as in-house counsel

10  and requests his provision of legal advice, Document 28 is protected by attorney-client privilege

11  and properly withheld.

12        **(6) Documents 29 – 49**

13        The Court finds that Documents 29 through 49 are not protected by either attorney-

14  client privilege or work product doctrine and shall be disclosed in their entirety. The communications

15  in these documents were carried out in March 2010, several months before Mr. Chandola

16  presided over Ms. Nichols' termination proceeding. As such, these documents could not have

17  been prepared in anticipation of the instant litigation, as the underlying events had not yet

18  unfolded, and the assertion of work product doctrine is not well taken.

19        As to protection under attorney-client privilege, the redacted portions of the documents

20  consist of an excerpt from a published opinion by the Olmsted County Housing and

21  Redevelopment Authority ("OCHRA") as well as Mr. Fearn's legal analysis of a decision

22  rendered by Mr. Chandola in a separate hearing. The portion consisting of the OCHRA published

23

24

ORDER ON MOTIONS TO COMPEL - 5

1  decision does not involve the provision of legal analysis and includes information that is already

2  in the public domain. Accordingly, this portion is not privileged.

3  As to Mr. Fearn's legal analysis of Mr. Chandola's prior decision, the Court finds that

4  Defendants have waived any attorney-client privilege that would protect this communication

5  from disclosure. In each of these duplicative documents, Defendants consistently refrained from

6  redacting Mr. Fearn's statement, "In my opinion Mr. Chandola was right," but withheld the

7  remainder of the communication providing Mr. Fearn's rationale for this legal conclusion. Courts

8  apply the doctrine of waiver "to protect against the unfairness that would result from a privilege

9  holder selectively disclosing privileged communications to an adversary, revealing those that

10  support the cause while claiming the shelter of the privilege to avoid disclosing those that are

11  less favorable." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 – 41 (9th Cir. 1996). By

12  selectively revealing only a portion of the instant communication, presumably that which paints

13  Defendant Fearn in a favorable light, Defendants impermissibly wield attorney-client privilege as

14  both a sword and a shield. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1192 (9th Cir.

15  1992). As Defendants have waived any attorney-client privilege that would protect this

16  communication, it shall be disclosed.

17  Finally, Defendants have also redacted the name of a non-party SHA hearing officer,

18  whose decision SHA subsequently overturned. *See, e.g.*, Dkt. # 40, p. 1. As the redacted portion

19  contains solely a fact communicated by an SHA employee and does not involve a request for or

20  provision of legal advice, it too shall be disclosed. *See Upjohn Co.*, 449 U.S. at 395.

21  **(7) Documents 50-52**

22  Finally, the Court finds that Documents 50-52 were properly redacted on the basis of

23  attorney-client privilege. As these communications were made in February 2010, they could not

24

1    have been prepared in anticipation of the instant litigation, and the assertion of work product

2    doctrine is again not well taken. Nonetheless, upon examination of the redacted portions of these

3    emails, the Court finds that they consist entirely of legal analysis of a termination hearing

4    communicated between SHA in-house counsel and SHA staff. As these communications are

5    primarily legal in character, they remain protected from disclosure by attorney-client privilege.

6        **(b) Defendants' Motion to Compel**

7            Defendants' Motion to Compel seeks production of documents withheld by Northwest

8    Justice Project Attorney Eric Dunn, pursuant to Defendants' third-party subpoena served on Mr.

9    Dunn on June 30, 2014. The Court has already found that Mr. Dunn and his client share a

10   sufficient common interest with Mr. Chandola and his attorney to bring communications

11   regarding the attorneys' shared litigation strategy within the realm of the common interest

12   privilege. *See* Dkt. # 101, p. 15; *In re Pacific Pictures Corp.*, 679 F.3d 11321, 1129 (9th Cir.

13   2012) (providing that common interest privilege applies where communications were made in

14   pursuit of a joint strategy and in accordance with a written or unwritten agreement).

15           As Mr. Dunn had failed to serve a privilege log in accordance with Fed. R. Civ. P.

16   45(e)(2)(A)(ii), and in order to discern whether privilege applies to each of the withheld

17   communications, the Court ordered that Mr. Dunn produce the documents for *in camera* review.

18   *See* Dkt. # 101. Mr. Dunn has since complied with the requirement to produce a privilege log,

19   and *in camera* review of the documents reveals each of them to consist exclusively of discussion

20   of coordinated litigation strategy among attorneys bound by a common interest in the instant

21   litigation. Accordingly, the Court finds that these documents are protected by attorney-client

22   privilege and DENIES Defendants' Motion to Compel.

23

24

1

**CONCLUSION**

2    Upon careful *in camera* examination of the documents for which privilege is asserted and

3 for the above-stated reasons, the Court hereby ORDERS that:

4    **(1)** Plaintiffs' Motion to Compel (Dkt. # 37) is GRANTED in part and DENIED in part, as

5        provided herein. Within ten (10) calendar days, Defendants are directed to produce to

6        Plaintiff in unredacted form a copy of each document identified in Defendants' privilege

7        log for which the Court has herein ordered disclosure.

8    **(2)** Defendants' Motion to Compel (Dkt. # 66) is DENIED.

9        DATED this 7 day of October 2014.

10

11

RICARDO S. MARTINEZ
12        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24